**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**JORDAN CHASE BORGOGNONI**                                         **PLAINTIFF**

**VS.**                                       **CIVIL ACTION NO. 2:13-CV-241-HSO-RHW**

**CITY OF HATTIESBURG, MISSISSIPPI;**
**HATTIESBURG POLICE DEPARTMENT;**
**OFFICER CHAD HARRISON (Individually and**
**in his Official Capacity); OFFICER TYSON**
**FAIRLEY (Individually and in his Official**
**Capacity); LIEUTENANT CHRIS JOHNSON**
**(Individually and in his Official Capacity); and**
**DOE DEFENDANTS 1-5**                                         **DEFENDANTS**

---

### SECOND AMENDED COMPLAINT

---

COMES NOW Plaintiff Jordan Chase Borgognoni, by and through counsel, and files this

Amended Complaint against Defendants City of Hattiesburg, MS; Hattiesburg Police

Department; Officer Chad Harrison; Officer Tyson Fairley; Lieutenant Chris Johnson; and Doe

Defendants 1-5, as follows:

### PARTIES

1.     Plaintiff Jordan Chase Borgognoni ("Chase") is an adult resident citizen of

Forrest County, Mississippi.

2.     Defendant Officer Chad Harrison ("Harrison") is an adult resident citizen of

Forrest County, Mississippi, and may be served with process at the City of Hattiesburg Police

Department, 200 Forrest Street, Hattiesburg, MS 39043.  At all times material hereto, Harrison

was acting within the scope of his employment and under the color of state law.  Harrison is a party in his individual and official capacity.

3.      Defendant Officer Tyson Fairley ("Fairley") is an adult resident citizen of Forrest County, Mississippi, and may be served with process at the City of Hattiesburg Police Department, 200 Forrest Street, Hattiesburg, MS 39043.  At all times material hereto, Fairley was acting within the scope of his employment and under the color of state law.  Fairley is a party in his individual and official capacity.

4.      Lieutenant Chris Johnson ("Johnson"), upon information and belief, is an adult resident citizen of Forrest County, Mississippi, and may be served with process at the City of Hattiesburg Police Department, 200 Forrest Street, Hattiesburg, MS 39043.  At all times material hereto, Johnson was acting within the scope of his employment and under the color of state law. Johnson is a party in his individual and official capacity.

5.      The City of Hattiesburg, Mississippi is a municipality which may be served with process through its Mayor and/or City Clerk pursuant to Miss. R. Civ. P. 4(d)(7).  The City of Hattiesburg, Mississippi operates under a special charter form of municipal government.  The City of Hattiesburg, Mississippi is charged with the duty to supervise, manage and control its Police Department to prevent the violation of the civil rights of its citizens.

6.      City of Hattiesburg Police Department is a unit of government authorized under and by virtue of the laws of the State of Mississippi.  The City of Hattiesburg Police Department may be served with process through the Mayor or the Chief of Police.

7.      Doe Defendants 1-5 are the other as-yet unidentified individuals who were employed by or agents of the named Defendants herein and who participated in the acts giving

rise to the causes of action contained herein.  Plaintiff investigated the identity of said individuals, but are currently unable to identify said persons without discovery.

## JURISDICTION AND VENUE

8.     This Honorable Court has jurisdiction and venue over the parties and this cause of action.

9.     Venue is properly established before this Court based upon Mississippi Code Annotated § 11-11-3 (1)(a)(I) (Amended 2006).  Pursuant to the statute, venue is proper because the present action has been instituted where at least one of the individual defendants resides and/or where the acts and omissions complained of occurred.

10.     On or about September 19, 2012, the Plaintiff, by and through their undersigned counsel, caused to be filed and delivered by certified U.S. mail to each and every Defendant a notice of claim letter regarding the act(s) and/or omission(s) set forth herein.  Miss. Code Ann. § 11-46-11 (2006).   A copy of said letter is incorporate herein by referenced and attached as "Exhibit A."

11.     This action was removed after the filing of the initial Complaint.  Jurisdiction and venue is now under 28 U.S.C.A. §§ 1331 and 1391.

## INTRODUCTION

12.     This is a personal injury action brought as a result of the collective assault, negligence, gross negligence and reckless disregard for the safety of others by the Defendants.  Plaintiff's claims arise as a direct and proximate consequence of an incident that occurred on or about July 23, 2012, in Forrest County, Mississippi.

13.    This is also a Federal Civil Rights Action brought as a result of a violation of <u>inter alia</u>, the federal, civil, constitutional, and human rights of the Plaintiff.  On or about July 23, 2012, law enforcement personnel inflicted unnecessary bodily harm on Plaintiff through the use of excessive unreasonable and unjustifiable force.  The act of the Defendants in the use of said force against the Plaintiff and others, enforced pursuant to official policy, is so pervasive as to have the impact of custom and usage.  As a direct and proximate consequence, the Plaintiff was physically assaulted.  It is alleged that certain Federal Statutes, to include 42 U.S.C. Sections 1983, 1985, and 1986, together with certain rights under the Constitutions of the United States of America and the State of Mississippi were violated.  In particular, Defendants violated Plaintiff's First Amendment, Fourth Amendment, Fifth Amendment, Eighth Amendment, Fourteenth Amendment, and other rights under the United States Constitution.  Therefore, Plaintiff files this action and prays for the result set forth in the following paragraphs.

14.    Defendants collectively owed a duty of care to the Plaintiff and to act as reasonable prudent officers of the law would have acted under the same or similar circumstances.

15.    Defendants owed a duty to keep Plaintiff free of injury while in custody and to prevent officers or deputies from beating him.

16.    Defendants owed a duty to provide medical assistance to Plaintiff after he was injured while in custody.

17.    Defendants' actions breached their duties of care to the Plaintiff, and were the sole, proximate cause of the damages sustained by the Plaintiff.

18.     As a direct and proximate result of Defendants' collective negligence, gross negligence, breaches of their duties of care, and all other claims asserted herein, Plaintiff was deprived of various constitutional rights.

## FACTS

19.     On July 22, 2012, in the late hours of the night, Plaintiff got into a verbal altercation with Tara Pickett outside of his residence at the Chateau Grand Apartments, which is located at 3500 Hardy Street, Apartment No. 62, Hattiesburg, Mississippi.

20.     During the verbal altercation, Plaintiff's mother Cindy Borgognoni attempted to help resolve the dispute and a verbal altercation between Plaintiff and his mother ensued.

21.     As a result of this verbal incident, 911 was called for the Hattiesburg Police Department to respond.

22.     In the first hour of July 23, 2012, Defendants Harrison, Fairley, and Johnson, along with the other currently unknown Hattiesburg Police Department officers involved in this matter (collectively referred to herein as the "Defendant Officers") responded to the 911 call at 3500 Hardy Street, Apartment No. 62, Hattiesburg, Mississippi.

23.     Upon arrival on the scene by the Hattiesburg Police Department, Chase was standing at the bottom of the outside stairwell leading to his apartment's front door.

24.     According to a police report, Plaintiff allegedly stated "F**k the police" to Defendants Harrison and Fairley as they approached.

25.     Harrison and Fairley became angry with Plaintiff after his alleged use of this protected First Amendment language.

26.     Defendants Harrison and Fairley immediately detained Plaintiff and put handcuffs on him behind his back to properly restrain him.

27.     After Chase was restrained and placed into custody of the Hattiesburg Police Department, he was asked to sit down at the bottom of the stairs.

28.     Chase complied with the request to sit down.

29.     While Chase was sitting down and still in restraints, Defendant Harrison went upstairs to speak to the individuals involved in the verbal altercation with Chase.

30.     During the time that Defendant Harrison was interviewing the other individuals, Defendant Fairley stayed with Chase to gather information from him and keep him in custody.

31.     After Defendant Harrison returned from interviewing the other individuals, he stated "let's go" indicating that he and Fairley were now going to take Chase to jail.

32.     According to a police report, Plaintiff allegedly stated "Ya'll are going to have to drag me because I am going to get my money's worth from you tonight."

33.     Plaintiff, who was still restrained and in police custody, physically complied with the request by Defendants Harrison and Fairley and began walking down a sidewalk in the apartment complex towards the officers' patrol car.

34.     Harrison and Fairley were both walking beside Plaintiff with their hands around his arms.

35.     While walking towards the patrol car, Plaintiff asked Harrison and Fairley why was he being arrested.

36.     In response to Plaintiff's question, Harrison stated that he was being arrested for a felony.

37.     Plaintiff replied to Harrison's statement and stated "what the f**k are you talking about?"

38.     In response to this statement, Plaintiff was pushed from behind and slammed face first to the sidewalk with such force that his neck/spine was broken causing immediate and permanent injury to Plaintiff's spinal cord.

39.     Plaintiff was handcuffed, detained, subdued, defenseless and in police custody when he was pushed and slammed to the ground.

40.     Defendants Harrison and Fairley placed a knee into the back of Plaintiff while slamming him to the ground.

41.     Plaintiff heard a snap to his neck/spine while being slammed to the ground.

42.     Plaintiff immediately felt pain in his neck area along with increasing numbness over his entire body from the neck down, including all extremities.

43.     While Plaintiff was lying on the ground, Defendants Harrison and Fairley also kicked him in the side of his ribs.

44.     Plaintiff was handcuffed, detained, subdued, defenseless and in police custody when he was lying on the ground and kicked by Defendants.

45.     While Defendants Harrison and Fairley were using excessive force, other City of Hattiesburg Police Department officers failed to take any action to stop the beating, whatsoever.

46.     One of the officers then instructed Plaintiff to "get his p**sy ass up."

47.     Plaintiff stated to both Harrison and Fairley that he had no feeling in his legs.

48.     Harrison admitted in his police report that Plaintiff informed the officers that he could not feel his legs.

49.     Harrison then left Plaintiff, who was laying face down, with Fairley while he went to move his patrol car closer.

50.     Harrison then made a personal call on his cell phone to Lt. Johnson on his personal cell phone to discuss Plaintiff's injuries.

51.     Harrison and Lt. Johnson claim the phone call was only for a request of assistance with carrying Plaintiff to the patrol car since he was "uncooperative."

52.     After the phone call, and as a part of a cover-up of the true cause of the injuries to Plaintiff, Harrison then made a request over the dispatch radio for officer assistance to help get Plaintiff to the patrol car.

53.      Before any assistance arrived, and contrary to the "call" for assistance, Harrison and Fairley ignored Plaintiff's pleas for help and began to drag him towards the patrol car.

54.     After dragging Plaintiff about forty to fifty feet, Harrison and Fairley dropped him on the ground with complete disregard for his spinal cord injury.

55.     At that point, Lt. Johnson arrived and spoke with Plaintiff.

56.     Plaintiff told Lt. Johnson that "these stupid motherf#&%ers (Harrison and Fairley) broke my back."

57.     Plaintiff also told Lt. Johnson that he could not feel his legs.

58.     Lt. Johnson, in violation of the written policies and procedures for the City of Hattiesburg Police Department, refused to call an ambulance or provide Plaintiff with emergency medical care because of the Defendants' "unwritten," widespread and accepted policy to ignore detainees' requests for medical care if the officers "determine" that the individual is feigning injury.

59.     This widespread and accepted unwritten policy allows Defendants to withhold necessary medical care by claiming their actions were reasonable under the circumstances since they "believed" the detainee was feigning injury to avoid jail.

60.     This "unwritten" policy is in direct contradiction to the written policy which mandates that officers provide medical care when it is requested or if it is needed.

61.     Defendants allowed/created this unwritten policy in an effort to avoid responsibility when they intentionally injure and violate a detainee's constitutional rights.

62.     Lt. Johnson and Fairley then dragged Plaintiff the remainder of the way to the patrol car.

63.     The Defendant Officers then slammed Plaintiff against the side of the patrol car.

64.     The Defendant Officers also manhandled Plaintiff and forced him into the back seat of the patrol car despite his constant pleas and requests for medical care due to his spinal cord injury.

65.     None of the Defendant Officers rendered any assistance to Plaintiff or requested medical help for him while he was on the ground or while he was being dragged to the patrol car and placed inside the vehicle.

66.     Once at the patrol car and as a part of the cover-up, Harrison claimed in his police report that Plaintiff refused to help the officers get him in the patrol car despite the fact that Plaintiff had already informed the officers that his back was broken and that he had no feeling in his legs.

67. Without any regard for Plaintiff's spinal cord injury, Harrison grabbed Plaintiff by the neck and head area and pulled him from the opposite side of the vehicle while the other officers helped push him into the patrol car.

68. Despite being conscious as documented throughout his medical records, Plaintiff blacked out when the officer pulled his head and neck area while attempting to get him into the patrol car and has little to no memory of the remaining events until the next day.

69. Before Defendants began transporting Plaintiff to jail, Harrison informed Lt. Johnson that Plaintiff was allegedly in a minor motor vehicle "MVA" earlier in the night because Tara Pickett claimed Plaintiff hit a grassy embankment next to the parking lot while driving someone's vehicle.

70. No officer ever questioned Plaintiff about this MVA or asked Chase whether he was driving drunk and/or injured in the accident.

71. Despite this alleged MVA, Plaintiff was completely ambulatory and walking around without any injury prior to his arrest, including after his arrest but before the first assault was committed by the Defendant Officers.

72. Plaintiff never complained to Defendant Officers of any injury from the MVA.

73. After Plaintiff was in the back seat of the patrol car, and within one or two minutes after leaving the Chateau Grand Apartments, Defendants drove directly past Forrest General Hospital and went approximately another ten minutes to the Forrest County Jail for the purpose of booking Plaintiff into the jail.

74.     Lt. Johnson called AAA Ambulance Service ("AAA") after Harrison and Fairley departed with Plaintiff to the jail.  As a part of the cover-up, Lt. Johnson characterized his call to AAA as only a "courtesy" to Plaintiff since he *may* have been injured in this MVA.

75.     After recklessly and/or intentionally injuring Plaintiff, Defendants wrongfully failed to assure that Plaintiff received appropriate medical evaluation and/or treatment.

76.     Defendants simply ignored Plaintiff's plea for medical help and drove him to the Forrest County Jail to book him into the jail thereby depriving Plaintiff of critical minutes needed to reduce the damage to his spinal cord.

77.     Upon arrival at the jail, Defendants pulled Plaintiff out of the vehicle and laid him on the ground on his back with his hands still cuffed behind his back.

78.     Defendants then attempted to book Plaintiff into jail pursuant to their agreement with Forrest County to house their prisoners after arrest.

79.     Immediately upon examination of Plaintiff, employees of the Forrest County Jail refused to book Plaintiff into the jail because of his easily apparent medical state and requested immediate medical attention.

80.     An ambulance and paramedic team from AAA arrived at the jail and discovered Plaintiff laying on his back with his hands still cuffed behind his back.

81.     Defendant Officers gave AAA three possible causes of Plaintiff's injuries – a minor MVA, a physical altercation with his mother, and a "fall" while in custody.

82.     While Defendants attempted to explain Plaintiff's injuries to the paramedics, they finally removed the handcuffs from Plaintiff so that the paramedics could immediately place Plaintiff into a neck collar and attempt to stabilize him.

83. Plaintiff was immediately transported back to Forrest General medical center for immediate and emergency trauma surgery.

84. As a result of the injuries Plaintiff sustained from the Defendants, he is completely paralyzed from the chest down and has limited mobility and use of his arms and hands.

85. Plaintiff has suffered through and endured multiple surgeries resulting from the Defendants' actions and continues to receive ongoing medical care for his injuries.

86. Plaintiff's injures are permanent and he will require medical care for the remainder of his life.

87. Defendants' actions violated Plaintiff's right to be free from state-occasioned damage to his bodily integrity which are protected by the Fourth and Fourteenth Amendment's guarantees of due process and equal protection.

88. Further, Defendants' actions constitute civil assault and battery and were intended to inflict grave emotional distress to Plaintiff, all for which Defendants must be held liable.

89. Once at the hospital and a part of the Defendant's conspiracy and cover-up, Defendants illegally requested and obtained from unsuspecting medical personnel at Forrest General Hospital a blood sample from Plaintiff without his knowledge or consent thereby violating his Fourth Amendment rights.

90. After Officer Harrison obtained Plaintiff's blood from medical personnel, he had it logged into evidence as pertaining to the simple domestic assault arrest – not a DUI arrest.

91. Defendants unlawfully obtained Plaintiff's blood pursuant to Mississippi's implied consent law despite the fact that Plaintiff was not arrested for DUI.

92.     Defendants never questioned Plaintiff about the alleged MVA.

93.     Defendants never asked Plaintiff to perform a field sobriety test, blow into a portable breath machine or blow into an intoxylizer machine at the jail or police station.

94.     Defendants never asked Plaintiff if he was drinking and driving in a vehicle.

95.     Plaintiff was conscious and alert during his custody until he was placed into Harrisons's police car at the scene.

96.     Despite being alert and conscious during custody, Defendants never requested Plaintiff's consent to conduct a search of his body to determine his blood alcohol content ("BAC").

97.     Plaintiff never gave consent to have his blood drawn.

98.     Defendants duped unknowing medical personnel at Forrest General in order to unlawfully obtain Plaintiff's blood without his consent.

99.     When medical personnel withdrew blood from Plaintiff at Officer Harrison's request, Plaintiff was not incapacitated.

100.    Defendants conspired and attempted to cover-up their assault and unreasonable denial of medical treatment, which is the Hattiesburg Police Department's custom and practice of using excessive force and ignoring the claims by or requests by pretrial detainees for medical care.

101.    By using the "MVA" as the documented cause of Plaintiff's injuries, the blood sample played a key role in the cover-up and presenting an Internal Affairs investigation.

102.    Officer Harrison also fabricated another document, the Hattiesburg Police Department's Prisoner Injury Report, which stated that the cause of Plaintiff's injury was the MVA.

102.    Harrison next falsified a Uniform Crash Report describing Plaintiff's MVA as driving while intoxicated and travelling at an excessive rate of speed.

103.    Despite the fact Harrison had previously described the MVA to AAA as having occurred at a "very low rate of speed," Harrison described the MVA on official police documents as one occurring at an excessive rate of speed.

104.    The blood sample, combined with the Prisoner Injury Report and Uniform Crash Report, created facts that suggested to Internal Affairs along with the general public that Plaintiff injured himself while driving drunk.

105.    Despite being a supervisor, Lt. Johnson conspired, assisted and participated in the cover-up.

106.    The Prisoner Injury Report requires a copy to be forwarded to Internal Affairs, as well as other supervising officers of higher rank.

107.    Lt. Johnson and Defendant Officers failed to forward the Prisoner Injury Report to any of the individuals listed on the report.

108.    Johnson, as a supervisor, also had a duty to report Plaintiff's allegation of excessive force and failed to do so.

109.    Johnson participated in the second assault on Plaintiff (when Plaintiff was slammed into the side of the police cruiser after he reported having his back broken and not having feeling in his legs).

14

110.    Johnson assisted Harrison both documented in Plaintiff's file in such a way to conceal the Defendants' fault for his injuries.

111.    After the events complained of in this case, Lt. Johnson was rewarded and promoted to Director of Training.

112.    Lt. Johnson's participation in the constitutional violations and cover-up creates an atmosphere for other officers to continue the widespread custom and practice of violating constitutional rights.

113.    The City of Hattiesburg/Hattiesburg Police Department is aware of, tolerates, condones, ratifies, fails to remedy its police officers' widespread customs and practices of using excessive force, in the widespread customs and practices of ignoring pretrial detainee complaints of injury/needs for medical treatment and in the custom and practice of falsifying internal documents and reports to conceal abuse and/or injury of pretrial detainees.

114.    The City of Hattiesburg/Hattiesburg Police Department has failed to train/re-train/supervise/discipline its officers not to use excessive force, not to ignore detainee complaints of injury and not to falsify internal documents so as to prevent internal investigations into unconstitutional behavior by officers.  The collective effect of these failures is that the City of Hattiesburg/Hattiesburg Police Department is the moving force behind the constitutional violations suffered by Plaintiff.

## CLAIMS FOR RELIEF

### COUNT I
### NEGLIGENCE

115.    Plaintiff re-alleges and incorporates herein the foregoing allegations of this Amended Complaint as if set forth herein in their entirety.

116.    At the time and on the occasion in question, Defendants, individually, jointly, and severally, possessed a duty of ordinary care while acting as officers of the law.  Specifically, Defendants possessed the duty to keep Plaintiff reasonably safe, to avoid reasonable harm to Plaintiff, and to act as a reasonable prudent officer would have acted under the same or similar circumstances.

117.    The above acts constitute common law negligence and negligence per se and were each a proximate cause of the occurrence in question.  Further, the act(s) and/or omission(s) of the Defendants, individually, jointly, and severally, resulted in the Plaintiff's damages.

## COUNT II
## ASSAULT AND BATTERY

118.    Plaintiff re-alleges and incorporates herein the foregoing allegations of this Amended Complaint as if set forth herein in their entirety.

119.    At all material times hereto, Defendant Officers were on duty as uniformed officers for the Hattiesburg Police Department and the City of Hattiesburg, Mississippi, and were acting in the scope and course of their employment by Defendants Hattiesburg Police Department and City of Hattiesburg, Mississippi.

120.    Defendant Officers, individually and as agents, servants, and employees of Defendants Hattiesburg Police Department and the City of Hattiesburg, Mississippi, had a duty to refrain from causing injury to Plaintiff through gross negligence or willful and wanton misconduct.

121.    Said acts of Defendant Officers were done without cause or provocation by Plaintiff, and with intent to cause grave bodily injury to Plaintiff.  The acts of Defendant Officers

as described herein, constitute assault and battery under the common law of Mississippi, for which each of them are civilly liable.

122.    As a direct and proximate result of Defendant Officers' acts as described herein, Plaintiff suffered severe and permanent injury to his person, pain, suffering, disability, mental anguish, humiliation, and other injuries and damages which will be proven at trial, all for which Defendant Officers should be held civilly liable.

## COUNT III
## GROSS NEGLIGENCE

123.    Plaintiff re-alleges and incorporates herein the foregoing allegations of this Amended Complaint as if set forth herein in their entirety.

124.    The actions of the Defendants, individually, jointly, and severally, when viewed objectively involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiff.

125.    Defendants had actual, subjective awareness of the risk, but nevertheless preceded with conscious indifference to the rights, safety or welfare of Plaintiff herein and as such constitutes gross negligence (malice) as the term is defined under Mississippi law.  As a result, Plaintiff is entitled to the recovery of punitive damages.

126.    At the time and on the occasion in question, Doe Defendants 1-5 were individuals whose identities are currently unknown to the Plaintiff.  Upon information and belief these unknown individuals, in addition to the named Defendants, were present at the scene where the Plaintiff was injured, or were a contributing cause of the incident and the resulting damages to the Plaintiff, or were engaged and/or had been engaged in operations at the scene of the incident described herein, which otherwise caused and/or contributed to the incident.

17

127.    The above acts constitute common law negligence and negligence per se and were each a proximate cause of the occurrence in question.  Further, the act(s) and/or omission(s) of the Defendants resulted in the Plaintiff's damages.

## COUNT IV
## NEGLIGENT HIRING, RETENTION, SUPERVISION, AND CONTROL

128.    Plaintiff re-alleges and incorporates herein the foregoing allegations of this Amended Complaint as if set forth herein in their entirety.

129.    At the time and on the occasion in question, Defendants were negligent in hiring, retaining, supervising and/or control their employee(s), servant(s), and/or agent(s), who brutally beat Plaintiff.

130.    Defendants had a duty to exercise ordinary care in the hiring, supervising and training of its employees, particularly regarding matters involving excessive force.  Defendants breached that duty in the following respects, among others:

(a)    failing to adequately train employees, agents or servants;

(b)    failing to properly supervise employees, agents or servants;

(c)    failing to comply with laws, rules, statutes, standards, policies, and regulations regarding arrests;

(d)    failing to comply with laws, rules, statutes, standards, policies, and regulations regarding providing medical assistance to custodians and/or detainees that are injured or become injured while in police custody; and

(e)    other acts of negligent hiring, retention, supervision and control as will be more fully shown at trial.

131.    The above acts constitute negligence and were each a proximate cause of the occurrence in question.  Further, the act(s) and/or omission(s) of Defendants proximately caused Plaintiff's damages.

**COUNT V**
**MONETARY CLAIM AGAINST DEFENDANTS CITY OF HATTIESBURG,**
**MISSISSIPPI AND HATTIESBURG POLICE DEPARTMENT**

132.    Plaintiff re-alleges and incorporates herein the foregoing allegations of this Amended Complaint as if set forth herein in their entirety.

133.    Defendant City of Hattiesburg, Mississippi is a municipal entity organized and existing under the laws of the State of Mississippi which operates, administers, maintains and controls the Hattiesburg Police Department as one of its executive branches.

134.    Defendant City of Hattiesburg, Mississippi had established policies and procedures for its Police Department regarding the use of force in apprehending and detaining suspects, and regarding the provision of medical service to detainees and prisoners.

135.    In establishing these procedures, Defendants City of Hattiesburg, Mississippi and the Hattiesburg Police Department had a duty under the Fourth and Fourteenth Amendments to the Constitution of the United States to refrain from enforcing or continuing in effect policies and procedures that created a substantial likelihood that detainees or prisoners would be subjected to the use of excessive force by Defendant Officers, or policies and procedures which created a substantial likelihood that the serious medical needs of detainees or prisoners would go untreated or would be treated with reckless indifference by its agents, servants and employees employed by the City of Hattiesburg, Mississippi and the Hattiesburg Police Department.

136.     Notwithstanding its duties, Defendants City of Hattiesburg, Mississippi and the Hattiesburg Police Department are guilty of one or more of the following wrongful acts or omissions to act in violation of the Plaintiff's Constitutional rights, in that they:

(a)     allowed policies and procedure to continue in force and effect which resulted in the use of outrageous and excessive force against Plaintiff;

(b)     had a custom and practice of failing to independently and adequately investigate complaints of excessive force;

(c)     had a custom and practice of ailing to effectively discipline or retrain officers who wrongfully utilized excessive force;

(d)     failed to establish appropriate policies and procedures to address and correct the repeated use of excessive force by police officers in apprehending and detaining suspects; and

(e)     allowed the continuance in force and effect of policies and procedures which failed to protect detainees who had sustained injury from the reckless indifference of the City of Hattiesburg's agents, servants and employees in its Police Department to their serious medical needs.

137.     As a direct and proximate result of one or more of the foregoing wrongful acts or omissions to act of Defendants City of Hattiesburg, Mississippi and the Hattiesburg Police Department, the Plaintiff sustained violations of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, severe and permanent injury to his person, pain, suffering, disability, mental anguish, humiliation, and other injuries and damages which will be proven at trial.

## COUNT VI
## RES IPSA LOQUITUR

138.    Plaintiff re-alleges and incorporates herein the foregoing allegations of this Amended Complaint as if set forth herein in their entirety.

139.    At all pertinent times, Defendants collectively were in sole and complete control of Plaintiff and were the personnel who had a duty to protect him.  Defendants negligently, if not intentionally, failed to exercise the power necessary to avert such casualty by insuring that the proper supervision, experience, and measures were in place to avoid the resulting damages.

140.    Defendants were presented with an available opportunity to avoid the resulting incident.  Defendants, however, failed to exercise such control over their personnel to prevent the Plaintiff's damages.

141.    The duty of care owed to the Plaintiff was therefore breached by the Defendants.

142.    The manner of damage to Plaintiff's person is the type of event that does not ordinarily occur in the absence of negligence.

143.    The act(s) and/or omission(s) of these Defendants, under the present set of circumstances, provide an inference of negligence of the part of these Defendants, either individually or collectively, so as to establish a prima facie case.  The mere occurrence of this incident and the resulting injuries, taken with the surrounding circumstances, should allow for an inference of negligence against these Defendants.

144.    The above acts constitute negligence and were each a proximate cause of the occurrence in question. Further, the act(s) and/or omission(s) of these Defendants proximately caused the damages and injuries sustained by the Plaintiff.

## COUNT VII
## CONSPIRACY

145.    Plaintiff re-alleges and incorporates herein the foregoing allegations of this Amended Complaint as if set forth herein in their entirety.

146.    Defendants took the above-described acts in concert and in furtherance of a conspiracy to commit the wrongs complained of herein.

147.    As a proximate result of the acts in concert by Defendants, Plaintiff has been damaged.

## COUNT VIII
## RECKLESS DISREGARD

148.    Plaintiff re-alleges and incorporates herein the foregoing allegations of this Amended Complaint as if set forth herein in their entirety.

149.    The act(s) and/or omission(s) of Defendants, in both their official capacity and their individual capacity constituted a reckless disregard for the rights and safety of the Plaintiff herein.  Further, these act(s) and/or omission(s) were perpetrated with such callousness that a reasonable person can certainly conclude that these act(s) and/or omission(s) were carried out without any regard as to their effects.  Therefore, the act(s) and/or omission(s) constitute a reckless disregard for the rights and safety of the Plaintiff.

150.    The act(s) and/or omission(s) of these Defendants, including the officers in their official capacities were a proximate cause as to the injuries and damages sustained by Plaintiff.

## COUNT IX
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

151.    Plaintiff re-alleges and incorporates herein the foregoing allegations of this Amended Complaint as if set forth herein in their entirety.

152.    The act(s) and/or omission(s) of Defendants on the day in question caused Plaintiff severe emotional distress through Defendants' tortious conduct.   The attack of the Plaintiff was a harrowing, traumatic, and disturbing event, from which he has suffered serious emotional anguish.  Plaintiff suffered emotional distress and was placed in the zone of danger as a result of Defendants' act(s).   Therefore, the act(s) and/or omission(s) constitute a negligent infliction of emotional distress.

153.    The above act(s) and/or omission(s) constitute negligent infliction of emotional distress and were each a proximate cause of the injuries and damages sustained by the Plaintiff.

**COUNT X**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

154.    Plaintiff re-alleges and incorporates herein the foregoing allegations of this Amended Complaint as if set forth herein in their entirety.

155.    The act(s) and/or omission(s) of Defendant on the night in question intentionally and/or recklessly caused Plaintiff to suffer severe emotional distress.  Plaintiff suffered severe emotional distress as a result of the extreme and outrageous acts.   Defendants' acts to harm Plaintiff were intentional and/or reckless.  Therefore, the act(s) and/or omission(s) constitute an intentional infliction of emotional distress.

156.    The above act(s) and/or omission(s) constitute intentional infliction of emotional distress and were each a proximate cause of the injuries and damages sustained by the Plaintiff.

**COUNT XI**
**VICARIOUS LIABILITY –  RESPONDEAT SUPERIOR**

157.    Plaintiff re-alleges and incorporates herein the foregoing allegations of this Amended Complaint as if set forth herein in their entirety.

23

158.    Upon information and belief, Defendants Harrison, Fairley, and Johnson, along with the other currently unknown officers involved in this matter, were employee(s), servant(s), and/or agent(s) of the Hattiesburg Police Department and the City of Hattiesburg, Mississippi. Thus, the principal Defendants are vicariously liable for the actions of their employee(s), servant(s), and/or agent(s) under the doctrine of respondeat superior.

## COUNT XII
## AGENCY

159.    Plaintiff re-alleges and incorporates herein the foregoing allegations of this Amended Complaint as if set forth herein.

160.    At all material times, Defendants Harrison, Fairley, and Johnson, along with the other currently unknown officers involved in this matter, were in the course and scope of their employment with and acted in furtherance of the interest of the Hattiesburg Police Department and the City of Hattiesburg, Mississippi.

161.    Defendants Harrison, Fairley, and Johnson, along with the other currently unknown officers involved in this matter, were apparent agents acting within their actual and/or apparent authority of the Hattiesburg Police Department and the City of Hattiesburg, Mississippi. Therefore, Defendants are liable for the actions of its employee(s) statutory employee(s)/agent(s).

## COUNT XIII
## VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C. §1983
### (General Allegations)

162.    Plaintiff re-alleges and incorporates herein the foregoing allegations of this Amended Complaint as if set forth herein in their entirety.

163.     In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff of certain constitutionally protected rights under the Constitution of the United States.

164.     At all times material hereto, Defendants were deemed with the responsibility and authority of enforcing the laws of the United States of America and the State of Mississippi.

165.     Consequently, while acting under the color of the law, Defendants commenced to implement a custom, usage of procedure wherein the rights, privileges, or immunities of Plaintiff were violated.  Specifically, the Defendants jointly and severally, engaged in a course of conduct that resulted in the extreme, unnecessary, and excessive force against Plaintiff, thus, causing him certain injuries.  As a direct and proximate consequence of the Defendants' actions, Plaintiff was deprived of certain rights, privileges, and immunities secured by the United States Constitution, and the laws of this Nation.

166.     More specifically, Plaintiff had the Eighth Amendment right to be free from cruel and unusual punishment, which was violated while in the custody of Defendants through the Defendants' use of unreasonable, unnecessary and excessive force causing Plaintiff to sustain certain injuries.  Furthermore, Plaintiff's Fifth and Fourteenth Amendment Rights to substantive due process and equal protection of the laws were violated as a result of the Defendant's conduct.  Defendants violated Plaintiff's Fourth Amendment right to be free from unreasonable search and seizures.  The violations complained of in this Amended Complaint include, but are not limited to, the use of excessive force, torture, deprivation of medical care, deprivation of identifiable rights, i.e, life, liberty, and/or the unnecessary and wanton infliction of pain and inhumane torture.

25

167.    In light of the circumstances confronted by Defendants, a deprivation of rights resulted that was sufficiently serious wherein the Defendants acted maliciously and sadistically by using force and physical violence designed and intended to cause Plaintiff physical, mental, and emotional harm, pain, humiliation, and/or injury.   Defendants' conduct evidences a deliberate indifference to the immediate, grave, and serious condition Plaintiff was left in.

168.    As a direct and proximate result of the violation of their constitutional rights by the Defendants, Plaintiff suffered general and special damages as alleged in this Amended Complaint and are entitled to relief under 42 U.S.C §1983.

169.    The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## COUNT XIV
## VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C. §1983
### (Failure to Implement Appropriate Policies, Customs and Practices)

170.    Plaintiff re-alleges and incorporates herein the foregoing allegations of this Amended Complaint as if set forth herein in their entirety.

171.    Defendants implicitly or explicitly adopted and implemented careless and reckless policies, customs, or practices that included, among other things, of allowing employees of the City of Hattiesburg, Mississippi and the Hattiesburg Police Department to brutally beat Plaintiff.

172.    The failure of Defendants to adequately train and supervise the deputies/officers amounts to a deliberate indifference to the rights of the Plaintiff to be free from illegal beatings, excessive force, among other things, under the Constitution of the United States.

173.    Upon information and belief, the City of Hattiesburg, Mississippi has a custom of allowing similar actions of this nature.  Defendant City of Hattiesburg, Mississippi has a history of allowing similar conduct from their officers.  The City of Hattiesburg, Mississippi has not taken the proper action to stop incidents of this nature.

174.    In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff as alleged herein of certain constitutionally protected rights.

### COUNT XV
### VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C. §1983
### (Refusing or Neglecting to Prevent)

175.    Plaintiff re-alleges and incorporates herein the foregoing allegations of this Amended Complaint as if set forth herein in their entirety.

176.    At all times relevant to this Amended Complaint, Defendants Harrison, Fairley, and Johnson, along with the other currently unknown officers involved in this matter, acted as agents of the City of Hattiesburg, Mississippi and the Hattiesburg Police Department, and were acting under the direction and control of the City of Hattiesburg, Mississippi and the Hattiesburg Police Department.

177.    Acting under color of law and pursuant to official policy or custom, Defendants knowingly, recklessly, or with gross negligence failed  to instruct, supervise, control, and discipline on a continuing basis Defendant deputies/officers in their duties to refrain from:

(a)     unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,

(b)    conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the laws of the State of Mississippi; and

(c)    otherwise depriving Plaintiff of his constitutional and statutory rights, privileges, and immunities.

178.    Defendants had knowledge or, had they diligently exercised that duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

179.    Defendants directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant police officers heretofore described.

180.    As a direct and proximate cause of the negligent and intentional acts of Defendants as set forth above, Plaintiff suffered physical injury and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

**COUNT XVI**
**RECKLESS INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL NEEDS**

181.    Plaintiff re-alleges and incorporates herein the foregoing allegations of this Amended Complaint as if set forth herein in their entirety.

182.    The failure of Defendants to assure that Plaintiff received medical evaluation and treatment prior to being placed at a detention facility was in further violation of Plaintiff's rights under the Fourth and Fourteenth Amendment to the Constitution of the United States to be free from reckless indifference to his serious medical needs.

183.    The City of Hattiesburg, Mississippi and the Hattiesburg Police Department failed to adequately train Defendants Harrison, Fairley, and Johnson, along with the other currently unknown officers involved in this matter, in proper arrest and detention procedures so as to insure that they did not violate the rights of a citizen and to insure that the Plaintiff would be free of the officers' reckless indifference to his serious medical needs.

184.    The City of Hattiesburg, Mississippi and the Hattiesburg Police Department further failed to adequately supervise Defendants Harrison, Fairley, and Johnson, along with the other currently unknown officers involved in this matter, in order to insure that they did not violate the rights of a citizen when being apprehended and to insure that apprehended citizens receive adequate medical attention when needed.

185.    The failure to provide medical evaluation or care to Plaintiff after he was in custody and injured violated established policies and procedures of Defendants regarding provisions of medical service to detainees and prisoners.

186.    Defendants have a duty under the Fourth and Fourteenth Amendments to the Constitution of the United States to refrain from enforcing or continuing in effect policies and procedures that create a substantial likelihood that detainees or prisoners would go untreated or would be treated with reckless indifference by its agents, servants and employees of The City of Hattiesburg, Mississippi and the Hattiesburg Police Department.

187.     Notwithstanding their duties, Defendants violated Plaintiff's Constitutionally protected rights and intentionally and/or recklessly ignored and delayed medical care to Plaintiff.

188.     Defendants' failure to provide medical evaluation or care is a violation of Plaintiff's Constitutionally protected rights under 42 U.S.C. § 1983.

189.     As a direct and proximate result of one or more of the said wrongful acts or omissions to act of Defendants, Plaintiff suffered severe and permanent injury to his person, pain, suffering, disability, mental anguish, humiliation, and other injuries and damages which shall be proven at trial.

## COUNT XVII
## THE COMMON LAW TORT OF OUTRAGE

190.     Plaintiff re-alleges and incorporates herein the foregoing allegations of this Amended Complaint as if set forth herein in their entirety.

191.     The Defendants' overall conduct on the date in question was so outrageous that it shocks the moral and legal conscience of the community. This outrageous conduct resulted in the Plaintiff's damages.  The manner, method and design of the Defendants conduct amounted to a cold, callous, premeditated abuse of legal authority.

192.     As a direct and proximate consequence of the outrageous conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for such outrageous conduct.  Thus, Plaintiff is entitled to a monetary judgment against the Defendants who engaged in or contributed to or otherwise facilitated through their acts of omission or commission such outrageous conduct toward them.

## COUNT XVIII
## VIOLATION OF FOURTH AMENDMENT/UNLAWFUL SEARCH AND SEIZURE[1]

193.    Plaintiff re-alleges and incorporates herein the foregoing allegations of this Second Amended Complaint as if set forth herein in their entirety.

194.    Defendants' withdrawal of blood from Plaintiff without his consent while he lay incapacitated in the hospital for use as evidence in a crime for which he was not arrested, charged or prosecuted violated his Fourth Amendment right to be free of unlawful searches and seizures.

195.    Defendants obtained this "evidence" without Plaintiff's knowledge or consent.

196.    Defendants, under the color of law, illegally conducted a search and seizure of Plaintiff for his blood alcohol content despite the fact that Defendants had ample opportunity to request the same from Plaintiff while he was alert and conscious during police custody.

197.    As a direct and proximate result of the Defendants' unlawful withdrawal of Plaintiff's blood, Plaintiff suffered damages and injury to be proven at trial.

## **DAMAGES**

198.    Plaintiff re-alleges and incorporates herein the foregoing allegations of this Amended Complaint as if set forth herein in their entirety.

199.    As a result of  the act(s) and/or omission(s) of these Defendants, Plaintiff seeks recovery for all damages including, but not limited to actual, economic, non-economic, compensatory, exemplary, punitive, pre-judgment interest, post-judgment interest, attorneys' fees, costs of Court, and any other damages which the Court deems proper.

---

[1] Plaintiff also asserts the unlawful seizure of his blood as an additional basis for his claims of assault and battery, excessive force, and negligence, gross negligence, conspiracy, and failure to train, supervise and discipline pursuant to §1983 and any other applicable federal and state laws.

200.    Plaintiff also seeks recovery for all damages that arise out of and as a direct and proximate result of the Defendants' negligent act(s) and/or omission(s) including, but not limited to, medical expenses, lost wages and income, pain and suffering, severe mental pain, anguish, suffering, inconvenience, worry, and emotional distress that are directly attributable to the incident that is the basis of this lawsuit.

201.    Plaintiff reserves the right to amend and state further with respect to his damages.

## PUNITIVE DAMAGES

202.    Plaintiff re-alleges and incorporates herein the foregoing allegations of this Amended Complaint as if set forth herein in their entirety.

203.    Pursuant to Miss. Code Ann. § 11-1-65, inasmuch as the conduct of Defendants herein constitutes a willful, wanton, egregious and reckless disregard for the rights and safety of the Plaintiff, an award of punitive damages is appropriate and necessary under these facts.

## RIGHT TO AMEND PURSUANT TO MISS. R. CIV. P. 15

204.    Pursuant to Rule 15 of the Mississippi Rules of Civil Procedure, Plaintiff reserves the right to name additional Defendants should later facts establish that others are liable herein.

## JURY TRIAL DEMANDED

205.    Plaintiff demands a jury trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final trial hereof they be entitled to take, have and recover, of and from said Defendants for all of the above referenced damages, including actual, economic, non-economic, compensatory, exemplary,

punitive, pre-judgment interest, post-judgment interest, attorneys' fees, costs of Court, and for such other and further relief to which they may show themselves to be justly entitled.

This, the 2nd day of August, 2014.

Respectfully submitted,
**JORDAN CHASE BORGOGNONI**


By:_____/s/ Zachary M. Bonner_____
    Zachary M. Bonner

*His Attorney*

OF COUNSEL:

Sean R. Guy (MSB# 100362)
Zachary M. Bonner (MSB# 103153)
MCCRANEY MONTAGNET QUIN & NOBLE, PLLC
602 Steed Road, Suite 200
Ridgeland, Mississippi 39157
Telephone:    (601) 707-5725
Facsimile:    (601) 510-2939
sguy@mmqnlaw.com
zbonner@mmqnlaw.com

Sherwood Colette
John M. Colette
John M. Colette & Associates
The Pinnacle at Jackson Place
190 E. Capitol Street, Suite 475
Jackson, MS 39201
Telephone:    601-355-6277
Facsimile:    601-355-6283

## <u>CERTIFICATE OF SERVICE</u>

I, Zach Bonner, one of the attorneys for Plaintiff Jordan Chase Borgognoni, do hereby

certify that I have this date filed via the ECF online filing system, a true and correct copy of the

foregoing document, which sent electronic notification of this document's filing to all counsel of

record.

This the 2nd day of August, 2014.

_____/s/ Zachary M. Bonner_____

Zachary M. Bonner (MS Bar No. 103153)
