**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**JORDAN CHASE BORGOGNONI**                                                              **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 2:13-CV-241-KS-MTP**

**CITY OF HATTIESBURG, MISSISSIPPI et al.**                                  **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion for Partial Summary Judgment [225] filed by Plaintiff Jordan Chase Borgognoni, and the Motion for Partial Summary Judgment [223] and Motion to Strike [256] filed by the Defendant City of Hattiesburg. After reviewing the submissions of the parties, the record, and the applicable law, the Court finds that the Plaintiff's motion is not well taken and should be denied. The Court further finds that the City's Motion for Partial Summary Judgment [223] is well taken and should be granted. The City's Motion to Strike [256] will be denied as moot.

**I.  BACKGROUND**

Plaintiff Jordan Chase Borgognoni ("Plaintiff") brings this action against Defendants City of Hattiesburg, Mississippi (the "City"), the Hattiesburg Police Department (the "Department"), Officer Chad Harrison, individually and in his official capacity ("Officer Harrison"), Officer Tyson Fairley, individually and in his official capacity ("Officer Fairley"), and Lieutenant Chris Johnson, individually and in his official capacity ("Lieutenant Johnson") (collectively "Defendants"). Pursuant to the Court's Order [110] on March 31, 2015, the following claims remain pending in this case: (1)  Plaintiff's federal claims against the City, Officer Harrison in his individual capacity, Officer Fairley in his individual capacity, and Lieutenant Johnson in his individual capacity, under 42 U.S.C. § 1983 for violations of Plaintiff's constitutional rights under the Fourth, Fifth, and

Fourteenth Amendments; and (2) Plaintiff's state claims of assault and battery, conspiracy, reckless disregard, intentional infliction of emotional distress, vicarious liability-respondeat superior, agency, and the tort of outrage against the City, Officer Harrison, Officer Fairley, and Lieutenant Johnson. All claims against the Department have been dismissed a duplicative of the claims against the City.

This case is centered around an incident occurring in the late night hours of June 22, 2012, and the early morning hours of June 23, 2012. Officers Harrison and Fairley were dispatched to Plaintiff's apartment complex following a 911 call of a disturbance. Prior to this call, Plaintiff had crashed his vehicle into an embankment in his apartment's parking lot. Though the events of that night are mostly in dispute, at some point, Plaintiff was arrested.

Plaintiff claims that Officers Harrison and Fairley used excessive force against him, causing him to become injured. The use of force is disputed, but it is undisputed that Plaintiff was injured. The officers then proceeded to take Plaintiff to the jail, where he was subsequently sent to the Forrest General Hospital. While Plaintiff was unconscious at the hospital, a blood sample was taken from him and tested for alcohol content. As a result of his injuries, Plaintiff has been paralyzed.

## II. DISCUSSION

### A.   Standard of Review

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation and internal quotation marks omitted). The nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is

material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)). "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (citation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)). When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citation omitted). Summary judgment is mandatory "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

  **B.**  **Plaintiff's Motion for Partial Summary Judgment [225]**

Plaintiff requests that the Court grant him partial summary judgment as to his claim that the blood test done on him was an improper search in violation of the Fourth Amendment, as made applicable to the states through the Fourteenth Amendment. Plaintiff's main argument is that, because the officers had an opportunity to seek his consent while he was conscious but did not do so, the blood test was an unlawful search in violation of Plaintiff's constitutional rights. Plaintiff

relies heavily on the implied consent law of Mississippi in his argument, but his § 1983 claim does not ask whether Defendants broke Mississippi law. Rather, the relevant inquiry is whether or not Defendants violated Plaintiff's Fourth Amendment rights.

"[T]he Fourth Amendment does not proscribe all searches and seizures, but only those that are unreasonable." *Skinner v. Ry. Labor Executives' Ass'n*, 489 U.S. 602, 619, 109 S. Ct. 1402, 103 L.Ed.2d 639 (1989) (citations omitted). "Whether a warrantless blood test of a drunk-driving suspect is reasonable must be determined case by case based on the totality of the circumstances." *Missouri v. McNeely*, 133 S. Ct. 1552, 1563, 185 L.Ed.2d 696 (2013). Plaintiff's sole argument for summary judgment as to his illegal search claim rests upon the fact that the officers did not seek his consent to test his blood while he was conscious. However, even if Plaintiff had been conscious and had affirmatively refused to have his blood tested, the blood test could still have been reasonable under the Fourth Amendment. *See Schmerber v. California*, 384 U.S. 757, 759, 86 S. Ct. 1826, 16 L.Ed.2d 908 (1966) (holding a warrantless blood test reasonable under the Fourth Amendment despite it being taken over the suspect's objection).

As Plaintiff has the burden of proving his claim and has advanced no other argument or evidence showing why, under a totality of the circumstances analysis, the warrantless blood test done on him was a violation of his Fourth Amendment rights, the Court must **deny** his Motion for Partial Summary Judgment [225].

### C.  The City's Motion for Partial Summary Judgment [223]

Under *Monell v. Department of Social Services*, the City is not liable under § 1983 "solely because its employee committed a constitutional tort." *Mason v. Lafayette City-Parish Consol. Gov't*, 806 F.3d 268, 280 (5th Cir. 2015) (citing *Monell v. Dep't of Soc. Servs.*, 436 U. S. 658, 691, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978)). Rather, "to hold a municipality liable under § 1983, the

4

plaintiff must prove three elements: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose moving force is the policy or custom." *Id.* (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)) (internal quotations omitted). Under this analysis, Plaintiff must show both "causation and culpability." *Id.* There must be a "direct causal connection . . . between the policy and the alleged constitutional deprivation." *Id.* (quoting *Fraire v. City of Arlington*, 957 F.2d 1268, 1281 (5th Cir. 1992)). Additionally, "[u]nder the culpability requirement, if the policy is facially lawful, a plaintiff must also show that the municipality promulgated [the policy] with deliberate indifference to the known or obvious consequences that constitutional violations would result." *Id.* (quoting *Piotrowski*, 237 F.3d at 579) (internal quotations omitted) (alteration in original).

Plaintiff has advanced four arguments as to why the City is liable under § 1983: (1) the Department's injured prisoner transport policy; (2) the Department's custom and practice of ignoring detainee requests for medical care; (3) the City's failure to train with respect to prisoner's medical needs; and (4) the City's ratification of the officers' conduct.. The Court will address each argument in turn.

### 1. The Department's Injured Prisoner Transport Policy

Plaintiff argues that the Department's policy on injured prisoner transport was the moving force behind the delay in medical treatment he received. He contends that the policy gives too much discretion to police officer's by requiring them to be "aware" of a prisoner's injuries. This requirement, however, tracks the necessary elements for finding a violation of Plaintiff's constitutional right to medical treatment.

"[A]n arrestee's right to medical attention, like that of a pretrial detainee, derives from the Fourteenth Amendment." *Nerren v. Livingston Police Dep't*, 86 F.3d 469, 472 (5th Cir. 1996). An

arrestee's due process rights are therefore violated "if the official acts with subjective deliberate indifference to the detainee's or [arrestee's] rights," which is "defined . . . as subjective knowledge of a substantial risk of serious medical harm, followed by a response of deliberate indifference." *Id*. at 473 (citing *Hare v. City of Corinth*, 74 F.3d 633, 647-50 (5th Cir. 1996)). The fact, then, that the Department's policy directs officer's to use their subjective knowledge in determining whether a prisoner is in need of medical treatment, means that the policy is directly in line with constitutional requirements.

Furthermore, Plaintiff has failed to show how this policy was a moving force behind the violation of his constitutional rights. He has made no showing that the policy, as followed by the officers, caused his medical treatment to be delayed. *See Mason*, 806 F.3d at 280 (citing *Fraire*, 957 F.2d at 1281). He has also made no showing that the City promulgated the policy with deliberate indifference to known or obvious constitutional violations that would occur as a result. *See id.* (citing *Piotrowski*, 237 F.3d at 579). Therefore, the Court must find that Plaintiff has not met his burden in showing that the Department's policy on transporting injured prisoners was a moving force behind the alleged constitutional violations.

## 2. Custom and Practice of Ignoring Medical Needs

Plaintiff contends that, by having a policy which "imbued its officers with extraordinary discretion over whether to take prisoner complaints of injury seriously" and "as a result of the lack of training," the Department "allowed an unwritten policy to exist that its officers could ignore complaints of prisoner injury based on their broad discretion under the injured prisoner transport policy." (Plaintiff's Memo. in Response [254] at p. 17.)

For a common practice to be a basis for liability under *Monell*, it must be so persistent and widespread so that, "although [it] is not authorized by officially adopted and promulgated policy,

[it] is so common and well settled as to constitute a custom that fairly represents municipal policy." *Mason*, 806 F.3d at 280 (quoting *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984)). The evidence put forward by Plaintiff does not establish that the Department's custom was to ignore complaints of injury by detainees. Rather, the evidence establishes it was the practice of the Department's officers to disregard complaints of injuries if they did not believe their truthfulness on a case-by-case analysis. Plaintiff has not shown that this practice caused a violation of his rights nor has he shown that it was adopted with a deliberate indifference to potential constitutional violations. *See Mason*, 806 F.3d at 280. In fact, because the underlying constitutional violation requires subjective knowledge of a substantial risk to an arrestee's health, the Court is unsure how a practice directing officers to use their own subjective knowledge of the situation to make their decision, could be a moving force behind the constitutional violation. *See Nerren*, 86 F.3d at 473 (citing *Hare*, 74 F.3d at 647-50). Therefore, Plaintiff has not established that this practice was the moving force behind the alleged violations of his constitutional right and cannot defeat summary judgment on this argument.

   **3. Failure to Train**

Plaintiff argues that there is a "clear causal link between [the City's] failure to train and the alleged constitutional claim for medical care." (Plaintiff's Memo. in Response [254] at p. 21.) However, even if the Court found such a causal link to exist, *Monell* requires more than just a showing of causation—it also requires culpability. *Mason*, 806 F.3d at 280 (citing *Fraire*, 957 F.2d at 1281).

Though a it may be liable in limited circumstances for a failure to train, "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61, 131 S. Ct. 1350, 179 L.Ed.2d 417 (2011). To be liable, the

failure to train "must amount to deliberate indifference to the rights of person with whom the [untrained employees] come into contact." *Id.* (quoting *City of Canton v. Harris*, 489 U.S. 378, 388, 109 S. Ct. 1197, 103 L.Ed.2d 412 (1989)) (alteration in original). "A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Id.* at 62 (citing *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 409, 117 S. Ct. 1382, 137 L.Ed.2d 626 (1997)). Decisionmakers must have "notice that a course of training is deficient in a particular respect" in order to be liable under a failure-to-train theory. *Id.*

Plaintiff has the burden of proving the City had notice that its training was deficient, and has put forward no argument or evidence that would show such notice existed. Therefore, he cannot defeat summary judgement under this theory of liability.

### 4. Ratification

Plaintiff claims that the City ratified the actions of the officers by not conducting a meaningful investigation into the incident. Plaintiff relies on two cases in making this argument: *City of St. Louis v. Proprotnik*, 485 U.S. 112, 108 S. Ct. 915, 99 L.Ed.2d 107 (1988), and *Milam v. City of San Antonio*, 113 F.App'x 622 (5th Cir. 2004). Neither of these case, though, support liability against the City in the current case.

In *Proprotnik*, the Supreme Court held where "a subordinate's decision is subject to review by the municipality's authorized policymakers . . . [and] the authorized policymakers approve a subordinate's decision and the basis for it, their ratification would be chargeable to the municipality because their decision is final." 485 U.S. at 127, 108 S. Ct. 915. Under this precedent, the City is liable for the alleged constitutional violations if its authorized policymakers reviewed and approved the actions that constituted the alleged constitutional violations. In other words, if the policymakers

reviewed and approved the officers' alleged decisions to use excessive force, to delay medical care, or to illegally obtain Plaintiff's blood. Plaintiff does not allege this. Instead, Plaintiff claims that the City failed to properly investigate the officers actions after these alleged violations took place and that it is subsequently liable under § 1983 for this failure. The Fifth Circuit expressly rejected such an argument in *Milam*.

In *Milam*, the plaintiff made a similar argument as Plaintiff, stating that the municipality ratified the arresting officers' conduct by taking no disciplinary action against them. 113 F.App'x at 628. According to the Fifth Circuit,

> First, this record does not present a situation where the policymakers have approved the decision and the basis for it. That the policymakers failed to take disciplinary action in response to Milam's complaints does not show that they knew of and approved the illegal character of the arrest, determining that it accorded with municipal policy. Second, it is hard to see how a policymaker's ineffectual or nonexistent response to an incident, which occurs well *after* the fact of the constitutional deprivation, could have *caused* the deprivation.

*Id.* (internal citations and quotations omitted) (emphasis in original). Similarly, in this case, any failure of the City that Plaintiff alleges necessarily occurred after the alleged constitutional deprivations. The Court consequently cannot say that these failings caused the deprivations. Plaintiff therefore cannot assert liability against the City on a ratification theory.

Because Plaintiff has made no showing that the City is liable under *Monell* for the alleged violations of his constitutional rights, the Court will **grant** the City's Motion for Partial Summary Judgment [223]. The federal claims under § 1983 against the City will be **dismissed with prejudice**. The state claims against the City remain pending.

### D. The City's Motion to Strike [256]

The City moves that the Court strike the report of Plaintiff's expert, Ronald Crew, from consideration with regards to its Motion for Partial Summary Judgment [223]. Because the Court

finds that the City's Motion for Partial Summary Judgment [223] should be granted regardless of whether this report is considered, the Motion to Strike [256] is **denied as moot**.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's Motion for Partial Summary Judgment [225] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that the City's Motion for Partial Summary Judgment [223] is **granted**.  The federal claims under § 1983 against the City will be **dismissed with prejudice**.  The state claims against the City remain pending.

IT IS FURTHER ORDERED AND ADJUDGED that the City's Motion to Strike [256] is **denied as moot**.

SO ORDERED AND ADJUDGED this the 25th day of May, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE