**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**JORDAN CHASE BORGOGNONI**                                              **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 2:13-CV-241-KS-MTP**

**CITY OF HATTIESBURG, MISSISSIPPI et al.**                               **DEFENDANTS**

**ORDER**

This matter is before the Court on the Motion to Exclude Defendants' Experts Jamie R. Williams, Ph.D., and Richard E. Clatterbuck, M.D. ("Motion to Exclude") [229] filed by Plaintiff Jordan Chase Borgognoni ("Plaintiff"). In its previous Order [258], the Court denied this motion as to Dr. Clatterbuck, but deferred ruling on whether Dr. Williams would be excluded until a hearing on the motion could be held. Such a hearing was held on June 9, 2016, and the Court is now ready to rule.

The Supreme Court has explained the district court serves a gatekeeping role in order to ensure that scientific evidence is both reliable and relevant. *Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 668 (5th Cir. 1999) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597, 113 S. Ct. 2786, 125 L.Ed.2d 469 (1993)). As explained by the Fifth Circuit,

> This role requires the district judge to undertake a two-part analysis. The district judge must first determine whether the proffered testimony is reliable, requiring an assessment of whether the reasoning or methodology underlying the testimony is scientifically valid. Second, the district judge must determine whether that reasoning or methodology can be properly applied to the facts in issue[]; that is, whether it is relevant.

*Id.* (citing *Daubert*, 509 U.S. at 592-93, 113 S. Ct. 2786). Plaintiff does not dispute the relevancy of Dr. Williams' testimony, only its reliability. Based on testimony at the hearing and her report,

the Court does not find that Dr. Williams' testimony is unreliable.  As she testified to, much of her scientific reasoning is identical to Plaintiff's own expert's, though they ultimately reach different conclusions.  The issues identified by Plaintiff, such as Dr. William's non-impact theory of injury and the purported misreading of Plaintiff's expert report, can be properly addressed through cross-examination.  "The reliability prong mandates that expert opinion 'be grounded in the methods and procedures of science and . . . be more than unsupported speculation or subjective belief.'" *Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012) (quoting *Curtis*, 174 F.3d at 668) (alteration in original).  Defendants sufficiently demonstrated that Dr. Williams' testimony is grounded in scientific methodology.  The credibility, or incredibility, of her conclusions is for the jury to determine, not the Court.  Furthermore, it is clear from Dr. Williams' testimony that she used the facts available to her in the record.  Therefore, the Court does not find that Dr. Williams' testimony or report should be excluded and will **deny** the Motion to Exclude [229] in its entirety.  However, the Court will limit Dr. Williams' testimony to those opinions found in her report.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Exclude [229] is **denied** in its entirety.  Dr. Williams' testimony, however, is limited to the opinions found in her report.

SO ORDERED AND ADJUDGED this the 10th day of June, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE