**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**JORDAN CHASE BORGOGNONI**                                                                **PLAINTIFF**

**v.**                                                                                 **CIVIL ACTION NO. 2:13-CV-241-KS-MTP**

**CITY OF HATTIESBURG, MISSISSIPPI et al.**                                          **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion for Reconsideration [261] and Motion *In Limine* [265] filed by Plaintiff Jordan Chase Borgognoni. After considering the submissions of the parties, the record, and the applicable law, the Court finds that the Motion for Reconsideration [261] is not well taken and should be denied. The Court further finds the Motion *In Limine* [265] should be deferred until trial.

**I.  BACKGROUND**

Plaintiff Jordan Chase Borgognoni ("Plaintiff") originally brought this action against Defendants City of Hattiesburg, Mississippi (the "City"), the Hattiesburg Police Department (the "Department"), Officer Chad Harrison, individually and in his official capacity ("Officer Harrison"), Officer Tyson Fairley, individually and in his official capacity ("Officer Fairley"), and Lieutenant Chris Johnson, individually and in his official capacity ("Lieutenant Johnson") (collectively "Defendants"). Pursuant to the Court's Orders [110][259], the following claims remain pending in this case: (1) Plaintiff's federal claims against Officer Harrison in his individual capacity, Officer Fairley in his individual capacity, and Lieutenant Johnson in his individual capacity, under 42 U.S.C. § 1983 for violations of Plaintiff's constitutional rights under the Fourth, Fifth, and Fourteenth Amendments; and (2) Plaintiff's state claims of assault and battery, conspiracy, reckless disregard, intentional infliction of emotional distress, vicarious liability-respondeat superior, agency,

and the tort of outrage against the City, Officer Harrison, Officer Fairley, and Lieutenant Johnson. All claims against the Department have been dismissed a duplicative of the claims against the City.

This case is centered around an incident occurring in the late night hours of June 22, 2012, and the early morning hours of June 23, 2012. Officers Harrison and Fairley were dispatched to Plaintiff's apartment complex following a 911 call of a disturbance. Prior to this call, Plaintiff had crashed his vehicle into an embankment in his apartment's parking lot. Though the events of that night are mostly in dispute, at some point, Plaintiff was arrested.

Plaintiff claims that Officers Harrison and Fairley used excessive force against him, causing him to become injured. The use of force is disputed, but it is undisputed that Plaintiff was injured. The officers then proceeded to take Plaintiff to the jail, where he was subsequently sent to Forrest General Hospital. While Plaintiff was unconscious at the hospital, a blood sample was taken from him and tested for alcohol content. As a result of his injuries, Plaintiff has been paralyzed.

In its Order [259] on May 25, 2016, the Court granted the City's Motion for Partial Summary Judgment [223] and dismissed the federal § 1983 claims against the City. Plaintiff filed his Motion for Reconsideration [261] on June 22, 2016, claiming that the Court's ruling was a clear error of law. On July 7, 2016, Plaintiff filed his Motion *In Limine* [265], asking that certain evidence be excluded as impermissible character evidence and/or as unfairly prejudicial. The Court has considered both pending motions and is now ready to rule.

## II.  DISCUSSION

### A.  Motion for Reconsideration [261]

"A motion asking the court to reconsider a prior ruling is evaluated . . . as a motion . . . under Rule 59(e) . . . [when] filed within twenty-eight days after the entry of judgment . . . ." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012).  Plaintiff's Motion for

2

Reconsideration [261] was filed within this twenty-eight day period.

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). There are three grounds for altering or amending a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Williamson Pounders Architects, P.C. v. Tunica Cnty., Miss.*, 681 F.Supp.2d 766, 767 (N.D. Miss. 2008). Plaintiff's motion is premised on the need to correct a clear error of law.

Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," *Templet*, 367 F.3d at 478, and they "should not be used to . . . re-urge matters that have already been advanced by a party." *Nationalist Movement v. Town of Jena*, 321 F.App'x 359, 364 (5th Cir. 2009). Reconsideration of a previous order is "an extraordinary remedy that should be used sparingly." *Id*. Before filing a Rule 59(e) motion, parties "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement" with the Court. *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

Plaintiff makes two main arguments for reconsideration. First, he argues that the decision of the Court directly contradicts a previous decision in this case and is clear error as a result. Second, Plaintiff argues the Court incorrectly applied the ratification theory. Plaintiff is incorrect on both points.

Plaintiff argues that the Court's ruling contradicts a prior ruling in this case denying a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Plaintiff fails, however, to take into account the different standards the Court applies when considering a motion for summary judgment.

In its previous Order [110], Plaintiff survived the motion to dismiss because he had sufficiently "alleged that the City had a policy to withhold necessary medical care if officers believed the detainee was feigning injury *in an effort to avoid responsibility even when they intentionally injured and violated a detainee's constitutional rights*." (Order [110] at p. 13) (emphasis added). Critically, not only did Plaintiff fail to provide adequate evidence on summary judgment of the policy's alleged underlying purpose of avoiding responsibility for excessive force, he did not even advance this argument in his response. However, even if the prior decision of the previous judge in this case *was* inconsistent with the Court's Order [259], it is well within the current judge's discretion to reconsider the decisions of the previous judge and apply the correct law. *See Loumar, Inc. v. Smith*, 698 F.2d 759, 763 (5th Cir. 1983) (". . . Judge Hill, as the successor judge, had discretion to review the work that was done before the case came to him . . . ."). The Court will not reconsider its decision on this argument.

Plaintiff also contends that the Court incorrectly applied the ratification theory. However, the Court's reasoning in its Order [259] tracked the language of the Fifth Circuit in *Milam v. City of San Antonio*, which explicitly rejected Plaintiff's failure-to-investigate theory of ratification. *See* 113 F.App'x 622, 626-27 (5th Cir. 2004) (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 130, 108 S. Ct. 915, 99 L.Ed.2d 107 (1988)) ("[T]he ratification theory . . . is necessarily cabined in several ways. *Praprotnik* itself recognized that . . . a mere failure to investigate the basis of a subordinate's discretionary decisions [does not] amount to such a delegation [of policymaking authority].") (internal quotations omitted). Because no clear error of law was made in reaching its holding on Plaintiff's ratification theory, the Court will not alter its ruling.

The Court would further note that all of Plaintiff's arguments in his Motion for Reconsideration [261] are arguments that were or should have been advanced in his original

response to the Motion for Partial Summary Judgment [223].  Though Plaintiff clearly disagrees with the Court's ruling, the previous Order [259] thoroughly analyzed all arguments presented and applied the correct standard under Fifth Circuit precedent.  If Plaintiff disagrees with the Court's ruling, the correct method of challenging it is through an appeal to the Fifth Circuit, *not* a motion for reconsideration.

Because the Court does not find that Plaintiff has shown that a clear error of law has been made so as to justify the "extraordinary remedy" of reconsideration, the Court will **deny** his Motion for Reconsideration [261].  *See Nationalist Movement*, 321 F.App'x at 364.

### B.   Motion *In Limine* [265]

In his Motion *In Limine* [265], Plaintiff asks that the Court exclude all evidence as to his (1) tattoos; (2) gang affiliation; (3) illegal drug use; and (4) past criminal convictions and/or arrests.  This evidence, he argues, is either impermissible character evidence under Federal Rule of Evidence 404 or unfairly prejudicial under Rule 403.

Rule 404(a) disallows the use of "[e]vidence of a person's character or character trait . . . to prove that on a particular occasion the person acted in accordance with the character or trait."  However, Rule 404(b) does allow use of "evidence of a crime, wrong, or other act" to be admitted "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  The Court must therefore inquire into the purpose behind the introduction of the evidence in order to determine whether it is admissible as relevant evidence under Rule 404.

If the evidence is found to be relevant, the Court still may exclude it under Rule 403.  Rule 403 allows the Court to "exclude relevant evidence if its probative value is substantially outweighed by a danger . . . of unfair prejudice."

The Court will examine each category of evidence Plaintiff wishes to have excluded to determine whether it should properly be excluded under Rule 404 or 403.

### 1. Tattoos and Gang Affiliation

Plaintiff argues that evidence of his tattoos should be omitted as character evidence or unfairly prejudicial. The Court would note at the onset that tattoos are not a character trait of the Plaintiff but rather a physical attribute which is evidence of his gang affiliation. Plaintiff's membership in a gang is "evidence of a crime, wrong, or other act" within the meaning of Rule 404(b). However, Defendants are purporting to advance this evidence not to show Plaintiff's character, but rather to show the officers' knowledge of his gang affiliation, as permissible under Rule 404(b)(2). What the officers knew that night prior to the alleged use of force is particularly important to the adjudication of Plaintiff's Fourth Amendment claim, which "requires careful attention to the facts and circumstances of each particular case." *Graham v. Connor*, 490 U.S. 386, 398, 109 S. Ct. 1865, 104 L.Ed.2d 443 (1989). As such, evidence of the tattoos and gang affiliation are admissible as relevant evidence under Rule 404.

Because the facts and circumstances known to the officers is so relevant to Plaintiff's claims, showing that the probative value of the tattoos and gang affiliation is "substantially outweighed" by the danger of unfair prejudice is a heavy burden to meet under Rule 403. However, because officers' perception of the events is only relevant to the objective reasonableness inquiry of Plaintiff's claims, which is ultimately a question of law for the Court to decide, the Court will **defer** ruling on the admissibility of the tattoos and gang affiliation and allow parties to re-urge their arguments at trial outside of the presence of the jury. *See White v. Balderama*, 153 F.3d 237, 241 (5th Cir. 1998) ("While it is true that the test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application, and that proper application of the Fourth

Amendment reasonableness test requires careful attention to the facts and circumstances of each case, the ultimate determination of Fourth Amendment objective reasonableness is a question of law.") (internal citations and quotations omitted).

### 2. Illegal Drug Use

Defendants claim that they do not intend to offer Plaintiff's drug use prior to the incident as evidence except for impeachment purposes. They do, however, state that evidence of illegal drug use after the incident may be used to refute damages, as some of Plaintiff's subsequent medical treatment has been for drug-related overdoses and not for issues relating to his paralysis. Without further information as to the intended use of this evidence, it is difficult for the Court to make a definite ruling either admitting or excluding evidence of illegal drug use. The Court will therefore **defer** ruling on the admissibility of Plaintiff's illegal drug use and will allow parties to re-urge this matter at the appropriate time at trial.

### 3. Past Criminal Convictions and/or Arrests

Plaintiff argues that his criminal history should be excluded as impermissible character evidence or as unfairly prejudicial. Defendants contend, though, that they should be allowed to use Plaintiff's criminal history to the extent allowed by Rule 609 as impeachment evidence. Defendants also argue that Plaintiff's criminal history, to the extent the officers knew about it prior to their alleged use of force, is relevant to the officers' state of mind and the reasonableness of their actions and is not being offered as impermissible character evidence. Therefore, Plaintiff's past criminal history is likely not inadmissible under Rule 404.

However, the Court does not have enough information about Plaintiff's criminal history and how Defendants intend to offer it to make a determination of its admissibility under Rule 403. Therefore, a ruling under Rule 403 concerning Plaintiff's past criminal history will also be **deferred**

until the appropriate time at trial.

## III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's Motion for Reconsideration [261] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff's Motion *In Limine* [265] is **deferred**.  Parties should re-urge their arguments at the appropriate time at trial outside the presence of the jury.

SO ORDERED AND ADJUDGED this the 20th day of July, 2016.

>                                                    *s/ Keith Starrett*
>                                        UNITED STATES DISTRICT JUDGE